UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS BINGHAM,

    Plaintiff,

v.                                                                             Case No: 8:14-cv-73-T-23JSS

BAYCARE HEALTH SYSTEM,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO**
**STAY DISCOVERY AND FOR PROTECTIVE ORDER**

THIS MATTER is before the Court on Defendant's Motion to Stay Discovery and for Protective Order and Supporting Memorandum of Law.  (Dkt. 47.)  Defendant moves the Court to stay discovery in this case pending a ruling by the Court on its Motion to Dismiss (Dkt. 37), which seeks to dismiss Plaintiff's First Amended Complaint for failure to plead plausible and particular claims for violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the Florida False Claims Act, § 68.082, Fla. Stat.  In support of its Motion to Stay, Defendant argues that its pending Motion to Dismiss raises facial challenges to Plaintiff's Amended Complaint and, if granted, would dispose of the case in its entirety, preventing the unnecessary expenditure of costs and causing little, if any, prejudice to Plaintiff.  (Dkt. 47.)  In response, Plaintiff asserts that a discovery stay would prejudice his ability to prosecute this case.  (Dkt. 48.)

Courts maintain great discretion to regulate discovery.  *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (per curiam).  In exercising this discretion, Federal Rule of Civil Procedure 26(c) permits a court to stay discovery if the movant demonstrates good cause and reasonableness.  *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).  However, motions to

stay discovery are not favored because delays in discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted); *see also* Middle District Discovery (2015) at 5–6 (stating that motions for stay are rarely granted unless unusual circumstances justify such a result based on a "specific showing of prejudice or undue burden").

The Eleventh Circuit has held that facial challenges to the legal sufficiency of a complaint in a dispositive motion to dismiss should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Nonetheless, this does not establish a general rule that all discovery in every case should be stayed while a dispositive motion is pending. *In re Winn Dixie Stores, Inc. ERISA Litig.*, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007). Rather, courts are urged to promptly rule on likely meritorious motions—and thereby dispose of dubious claims—to prevent undue discovery costs from becoming excessive. *Id.*

Accordingly, in deciding whether to stay discovery pending the resolution of a dispositive motion, the Court must take a "preliminary peek" at the motion to determine whether it appears clearly meritorious and case-dispositive. *McCabe*, 233 F.R.D. at 685 (citing *Feldman*, 176 F.R.D. at 652–53). The Court must then balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Id.*

Having taken a "preliminary peek" at Defendant's Motion to Dismiss, the Court is not convinced that there is an "immediate and clear possibility" that the motion will be granted. Although the Court recognizes the interest in avoiding potentially unnecessary and costly discovery, this case does not present an appropriate opportunity to do so. Defendant is unable to

meet its burden of showing good cause, as it fails to show any specific prejudice or undue burden that would result from allowing discovery. Upon consideration, it is

**ORDERED** that Defendant's Motion to Stay Discovery and for Protective Order and Supporting Memorandum of Law (Dkt. 47) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 24, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record