UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS BINGHAM,

    Plaintiff,

v.                                                          Case No: 8:14-cv-73-T-23JSS

BAYCARE HEALTH SYSTEM,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO COMPEL

THIS MATTER is before the Court on Defendant's Motion to Compel. (Dkt. 77.) Defendant moves the Court to compel Plaintiff to provide discovery responses to Interrogatory Number 3 and Interrogatory Number 10, which were included in Defendant's First Set of Interrogatories, and Request for Production Number 25, which was included in Defendant's Second Set of Requests for Production of Documents. For the reasons that follow, Defendant's Motion to Compel is granted in part and denied in part.

### BACKGROUND

Plaintiff, qui tam relator Thomas Bingham, alleges that Defendant, BayCare Health System, Inc., improperly induced physicians to refer patients to Defendant's hospital by providing physicians with free parking, rent concessions, and valet services. (Dkt. 32.) In doing so, Plaintiff alleges that Defendant violated the False Claims Act, 31 U.S.C. §§ 3729–3733, by submitting claims for payment to federally sponsored health care programs for services provided to those patients. (Dkt. 32.) According to Plaintiff, this alleged violation involved the use of ground leases between Defendant and corporate tenants to construct office buildings and parking garages that

provided free services to physician tenants in exchange for referrals in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a–7b, and the Stark Law, 42 U.S.C. § 1395nn. (Dkt. 32.)

Defendant served its First Set of Requests for Production and First Set of Interrogatories on Plaintiff on September 11, 2015. Plaintiff served his responses to both sets of requests in early October 2015. (Dkt. 77.) On December 11, 2015, Defendant served its Second Set of Requests for Production of Documents on Plaintiff, to which Plaintiff initially responded on January 11, 2016, and later supplemented on February 17, 2016, March 2, 2016, and March 25, 2016. (Dkts. 77-3, 77-4, 79-1, 81-1.) Defendant's Motion to Compel seeks responses to Interrogatory Number 3 and Interrogatory Number 10 included in Defendant's First Set of Interrogatories. (Dkt. 77-1.) Defendant also seeks to compel the production of documents in response to Request for Production Number 25, which was included in Defendant's Second Set of Requests for Production of Documents. (Dkt. 77-3.)

## APPLICABLE LAW

Motions to compel disclosures and other discovery are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). In ruling on discovery motions, the court is guided by the general principle that discovery serves a useful purpose in that it "make[s] a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). However, the court must also protect the integrity of the adversary process and therefore uphold "the general policy against invading the privacy of an attorney's course of preparation." *Hickman v. Taylor*, 329 U.S. 495, 512 (1947).

## ANALYSIS

Defendant seeks to compel responses to the following discovery requests: (1) Interrogatory Number 3; (2) Interrogatory Number 10; and (3) Request for Production Number 25.

### A.   **Interrogatory Number 3**

Interrogatory Number 3 seeks "all facts that provide the basis for the existence of a 'scheme' in paragraphs 2, 3, and 8 of the First Amended Complaint by which BayCare allegedly passed remuneration through third parties to physician tenants." (Dkt. 77.) In response, Plaintiff objected on the basis that the interrogatory requested privileged information and is "an all-encompassing contention interrogatory because it asks Plaintiff to provide a detailed explanation of a substantial part of his case." (Dkt. 77-1.)

Generally, an interrogatory may relate to any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1), 33(a)(2). Otherwise appropriate interrogatories involving "an opinion or contention that relates to fact or the application of law to fact" are not necessarily objectionable. Fed. R. Civ. P. 33(a)(2); *see Hendricks v. Mirabilis Ventures, Inc.*, No. 8:07-CV-661-T-17EAJ, 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) (allowing contention interrogatories that were narrowly targeted to affirmative defenses and sought the application of law to fact). However, contention interrogatories are to be used sparingly and for the purpose of targeting specific claims that are either unclear or the subject of early resolution. Middle District Discovery (2015) at IV.C.2. As such, "[i]nterrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive." *Id.* Courts may order that such contention interrogatories need not be answered until after the completion of discovery. Fed. R. Civ. P. 33(a)(2).

Upon review, this interrogatory does not target a specific claim, but rather targets several claims that together constitute the overarching controversy in this case. The interrogatory request broadly calls for a narrative of Plaintiff's case in that it seeks information relating to the underlying chain of events that forms the basis of this lawsuit. *See Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, No. 6:12-CV-1379-ORL-22, 2014 WL 186123, at *4 (M.D. Fla. Jan. 16, 2014) (finding that a discovery request asking the party to provide a detailed explanation of a substantial part of its case prematurely in the litigation was improper).

The Court finds that Plaintiff adequately responded to this interrogatory. Plaintiff stated the process by which he contends Defendant induced physicians to refer patients to Defendant's hospital, specifically the construction of medical office buildings and other structures, and the benefits conferred on the physician tenants by virtue of the leasing arrangements between the landlord or developer of the medical buildings and the physician tenants occupying the medical buildings. (Dkt. 77.) As such, the Court finds Plaintiff's response sufficient, and neither party is obligated to provide an "exhaustive or oppressive catalogue of information." Middle District Discovery (2015) at IV.C.4. Accordingly, Defendant's Motion to Compel is denied as to Interrogatory Number 3.

**B.     Interrogatory Number 10**

Interrogatory Number 10 seeks a description of the process by which Defendant is alleged to have concealed or routed payment, as alleged in paragraph 179 of Plaintiff's First Amended Complaint, and the identity of the individuals, including physicians, involved in the alleged concealment and routing of payments. (Dkt. 77-1.) In response, Plaintiff objected on the basis that the interrogatory requested privileged information and, to the extent an answer was provided,

Plaintiff referenced its previous answers to interrogatories instead of providing a full answer. (Dkt. 77-1.)

In answering interrogatories, the responding party must answer each interrogatory separately and fully in writing. Fed. R. Civ. P. 33(b)(3). As such, a reference to a previous answer is insufficient as a response to subsequent interrogatories. Therefore, Plaintiff must supplement his answer to this interrogatory with a full response, separate and without reference to his prior interrogatory responses. To the extent that Plaintiff withheld information on the basis of privilege, the Court finds Plaintiff's assertion of privilege is inadequate. Plaintiff merely makes a blanket assertion of privilege and fails to properly identify or describe the privileged information responsive to the interrogatory. *See* Fed. R. Civ. P. 26(b)(5)(A) (providing that a party withholding information as privileged must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim").

**C.      Request for Production Number 25**

Defendant also seeks to compel the production of documents in response to Request for Production Number 25 included in its Second Set of Requests for Production of Documents. This request seeks documents reflecting Plaintiff's calculation of what he contends the annual ground lease payments should have been from 2005 to 2015. (Dkt. 77-3.) In response, Plaintiff contends that the calculations are contained in a confidential disclosure statement that Plaintiff submitted to the government in compliance with the False Claims Act. (Dkt. 79.) Plaintiff's assertion of privilege was supported by a privilege log wherein the written disclosure statement was described. (Dkts. 79-1, 81-1.) Pursuant to the Court's Order, Plaintiff submitted the written disclosure statement for an in-camera review. (Dkt. 80.)

Although Defendant admittedly is not seeking production of the written disclosure itself—but rather documents reflecting Plaintiff's ground lease calculations—Plaintiff has indicated that the written disclosure statement is the only document that reflects such calculations. (Dkts. 77, 79, 80.) Thus, Defendant is, in effect, requesting the production of the disclosure statement and challenging Plaintiff's assertion of privilege by arguing that "[w]hether those calculations were included in the disclosure statement does not shield them from discovery." (Dkt. 77.)

### 1. Written Disclosure Statements under the False Claims Act

Under the False Claims Act ("FCA"), a private party is permitted to file a qui tam action under which the private party ("relator") brings the action on the government's behalf against individuals who have allegedly defrauded the government. 31 U.S.C. § 3730(b)(1). However, the relator must provide the government with a copy of the complaint and a written disclosure regarding the allegations so that the government can decide whether to intervene and conduct the action on its own behalf or whether to decline to intervene and allow the relator to conduct the action. 31 U.S.C. § 3730(b)(2). Therefore, a significant purpose of the written disclosure is to provide the government with enough information regarding a violation of the FCA to enable the government to determine whether it should participate in the lawsuit. *U.S. ex rel. Woodard v. Country View Care Ctr., Inc.*, 797 F.2d 888, 892 (10th Cir. 1986).

Aside from the FCA's requirement that the relator serve "a written disclosure of substantially all material evidence and information the person possesses," there is no other statutory requirement regarding the substance of the written disclosure, and the statute itself does not address the issue of discoverability. *See* 31 U.S.C. § 3730(b)(2) (requiring only "material evidence and information"); *U.S. ex rel. Made in the USA Found. v. Billington*, 985 F. Supp. 604, 608 (D. Md. 1997) (noting that "scant authority exists delineating what constitutes" a legally

sufficient disclosure statement). As such, the statute affords the drafter the discretion to include a recitation of facts that support an allegation or analysis of how the facts coalesce to support an allegation—or both—as long as it contains "substantially all material evidence and information the person possesses." *See U.S. ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 556 (C.D. Cal. 2003) (reasoning that the inconsistency in reported decisions regarding the nature and extent of the relator's disclosure obligation "finds a parallel in the practices of relators' counsel, who invest different levels of effort in preparing disclosure statements").

### 2. Work-Product Doctrine

The work-product doctrine, included in Federal Rule of Civil Procedure 26(b)(3), encompasses a two-tiered approach to work product in which "fact work product" and "opinion work product" are afforded different levels of protection. Fed. R. Civ. P. 26(b)(3). In distinguishing between fact work product and opinion work product, Rule 26(b)(3) makes a distinction between materials prepared in anticipation of litigation and materials that reflect an attorney or party representative's mental process. *Hickman*, 329 U.S. at 510. Specifically, fact work product, also known as "ordinary" work product, includes "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Fact work product is subject to qualified protection and may be discoverable upon a showing of substantial need and an inability to obtain the substantial equivalent of the materials by other means without undue hardship. Fed. R. Civ. P. 26(b)(3)(A)(ii); *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994). In contrast, opinion work product encompasses material that reflects the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B); *Cox*, 17 F.3d at 1422. As such, "opinion work product

enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Cox*, 17 F.3d at 1422 (internal quotation omitted).

### 3. Application of the Work-Product Doctrine to Written Disclosures

While there has been no binding precedent that has been cited to the Court on this issue, the majority of courts have found that the written disclosure statement provided in compliance with the FCA falls under the work-product doctrine as a document prepared in anticipation of litigation, or have applied the principles of ordinary work product when analyzing whether the disclosure statement is discoverable. *See, e.g.*, *U.S. ex rel. Spletzer v. Allied Wire & Cable, Inc.*, No. CV 09-4744, 2015 WL 7014620 (E.D. Pa. Nov. 12, 2015); *U.S. ex rel. Fisher v. Homeward Residential, Inc.*, No. 4:12-CV-461, 2015 WL 4610284 (E.D. Tex. July 31, 2015); *U.S. ex rel. Fisher v. Ocwen Loan Servicing, LLC.*, No. 4:12-CV-543, 2015 WL 4609742 (E.D. Tex. July 31, 2015); *Miller v. Holzmann*, 240 F.R.D. 20, 21 n.2 (D.D.C. 2007); *U.S. ex rel. Singh v. Bradford Reg'l Med. Ctr.*, No. CIV.04-186ERIE, 2007 WL 1576406 (W.D. Pa. May 31, 2007); *U.S. ex rel. Yannacopoulos v. Gen. Dynamics*, 231 F.R.D. 378 (N.D. Ill. 2005); *U.S. ex rel. Hunt v. Merck-Medco Managed Care, LLC*, No. 00-CV-737, 2004 WL 868271 (E.D. Pa. Apr. 21, 2004); *Bagley*, 212 F.R.D. 554; *U.S. ex rel. Cericola v. Ben Franklin Bank*, No. 99 C 6311, 2003 WL 22071484 (N.D. Ill. Sept. 4, 2003); *United States v. Medica-Rents Co.*, No. CIV.A. 4:00-CV-483-Y, 2002 WL 1483085 (N.D. Tex. June 21, 2002); *U.S. ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680 (S.D. Cal. 1996); *U.S. ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338 (E.D. Mo. 1996); *U.S. ex rel. Burns v. A.D. Roe Co.*, 904 F. Supp. 592 (W.D. Ky. 1995); *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396 (D. Colo. 1992).

While most courts agree that the disclosure statement is eligible for protection under the work product doctrine, some courts have found that the disclosure statement consists only of

factual information and have therefore ordered its production upon a showing of substantial need and undue hardship. *See Burns*, 904 F. Supp. at 594 (concluding that the disclosure statement was "simply a recitation of factual information" and was discoverable because the requesting party had met its burden to have it produced); *Stone*, 144 F.R.D. at 401 (finding that the disclosure statement consisted only of factual information but was discoverable because the requesting party had made the proper showing of substantial need and undue hardship). *But see U.S. ex rel. Carter v. Halliburton*, 266 F.R.D. 130, 133 (E.D. Va. 2010) (finding that the defendant had not met its burden of showing substantial need or undue hardship to pierce the ordinary work product protection afforded to the relator's written disclosure statement); *U.S. ex rel. Robinson v. Northrop Corp.*, 824 F. Supp. 830, 838 (N.D. Ill. 1993) (ordering the production of the written disclosure statement because it "should not contain opinions of an attorney" and because it had already been shown to persons other than the plaintiffs and their representatives).

At least one court has found that the entire disclosure statement consisted of opinion work product and is wholly protected from discovery. *See Bagley*, 212 F.R.D. at 563–65 (finding that the disclosure statement contained facts "interwoven with analysis, opinion, and conclusions" and that the "selection, organization, and characterization" of facts revealed the mental impressions and opinions of the relator and his counsel). Other courts have found that only some portions of the written disclosure consisted of opinion work product and ordered that those portions be redacted and the remaining portions consisting of fact work product be produced, upon a finding that the requesting party had met its burden to overcome the protection. *See Yannacopoulos*, 231 F.R.D. at 384 (analyzing portions of the written disclosure and determining that some portions constituted opinion work product while others constituted fact work product); *Cericola*, 2003 WL 22071484, at *3 (finding that the disclosure statement included both ordinary work product and

opinion work product and ordering that it be redacted to exclude opinion work product); *Grand ex rel. U.S. v. Northrop Corp.*, 811 F. Supp. 333, 337 (S.D. Ohio 1992) (directing that the analysis and opinions of counsel be redacted from the disclosure statement and that the redacted document be produced).

### 4. Plaintiff's Written Disclosure Statement

In this case, the Court has reviewed Plaintiff's written disclosure in-camera and finds that it is eligible for protection under the work-product doctrine. Specifically, the Court finds that the disclosure statement is, at its core, a document prepared by or for Plaintiff and his counsel in anticipation of litigation or trial. In determining whether a document was prepared in anticipation of litigation, the court looks to the "primary motivating purpose behind the creation of the document." *See United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981) (stating that the work-product doctrine applies when "the primary motivating purpose behind the creation of the document was to aid in possible future litigation"). Plaintiff-relator's disclosure statement "is prepared and served only on the Government pursuant to the explicit terms of the False Claims Act as a companion document to the *qui tam* Complaint filed with the Court . . . and is indisputably prepared in anticipation of litigation." (Dkt. 79 at 10–11.) Accordingly, the written disclosure statement would not have been prepared but for the prospect of this litigation and came into existence solely to aid in this litigation. *See O'Keefe*, 918 F. Supp. at 1346 ("The plain language of the FCA requires the relator to prepare the document 'in anticipation of litigation.'").

Further, although the written disclosure references and incorporates facts and information that may be contained in publicly available or non-privileged documents, the written disclosure itself—and the compilation and characterization of the information contained within it—was prepared because of actual or impending litigation, did not exist prior to this litigation, and was

not prepared for any other purpose than for this litigation. *See United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998) (applying the less demanding standard of whether the document "was prepared because of anticipated litigation" and "would not have been prepared in substantially similar form but for the prospect of litigation"). Therefore, at the very least, the disclosure statement constitutes ordinary or fact work product.

The Court also finds that the written disclosure contains the legal conclusions of counsel and the relator regarding this litigation, which constitutes opinion work product. Therefore, the written disclosure is comprised of both factual and opinion work product, each of which are entitled to different levels of protection. At first blush, it would seem that a redaction of the opinion work product and production of only the factual portions would resolve this issue. However, this case does not present a proper opportunity to do so. First, in this case, a clear line cannot be drawn between what constitutes opinion work product and what constitutes fact work product. Second, even if the written disclosure statement constituted only factual work product, Defendant has not met its burden of showing substantial need and undue hardship to warrant its production.

In this case, the factual portions of the disclosure statement reveal the relator and counsel's mental impressions in that they reflect their analysis and selection of certain facts, which in turn reflects their insight and impressions of the case, and thus cannot simply be extracted. *See F.T.C. v. Boehringer Ingelheim Pharm., Inc.*, 778 F.3d 142, 151–52 (D.C. Cir. 2015) ("When a factual document selected or requested by counsel exposes the attorney's thought processes and theories, it may be appropriate to treat the document as opinion work product, even though the document on its face contains only facts. . . . And where a document contains both opinion and fact work product, the court must examine whether the factual matter may be disclosed without revealing the attorney's opinions."). In particular, the disclosure statement includes a lengthy narrative that

provides the factual background of the case and information regarding the ground lease and associated costs. While much of the disclosure statement is factual, it is clear that significant portions of the document represent mental impressions and legal theories of the relator and his attorney, and much of the facts are interwoven with analysis and opinion.

Significantly, it is apparent that the disclosure statement contains inferences Plaintiff has drawn and distilled from facts and data, and the methods used to make such inferences, which presents both factual information and conclusions of the relator and counsel. *See Kent Corp. v. N.L.R.B.*, 530 F.2d 612, 624 (5th Cir. 1976) (finding that the contents of a report were not merely objective data but rather "mainly reports on how the . . . attorneys appraised the evidence they found" and "[t]hus . . . consist largely of mental impressions, conclusions, opinions, (and) legal theories" constituting protected work product "regardless of the opposing litigant's need"). Thus, the issue presented here turns on the degree to which the facts contained in the written disclosure reveal the relator and counsel's thought process, and not simply a mere recitation of facts that, without more, would ordinarily constitute fact work product. Given that the disclosure statement consists of Plaintiff's analysis of factual information, it would be futile, if not impossible, to determine and extract what is purely factual from what is opinion.

Nonetheless, the written disclosure constitutes at least ordinary work product, which is not discoverable unless Defendant shows that it has "substantial need" for the document and that it "cannot, without undue hardship, obtain [its] substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Here, Defendant has not met its burden of showing, and does not argue, that it has a substantial need for the disclosure statement and that it cannot obtain an equivalent without suffering undue hardship. Therefore, Defendant has not met its burden to overcome the work-product protection afforded to Plaintiff's disclosure statement.

As Defendant correctly notes, the work-product doctrine applies only to "documents and tangible things that are prepared in anticipation of litigation," not the underlying facts contained in the document or tangible item. Fed. R. Civ. P. 26(b)(3)(A); *see Geico Cas. Co. v. Beauford*, No. 805-CV-697-24EAJ, 2006 WL 2789013, at *6 (M.D. Fla. Sept. 26, 2006) ("The work product privilege only protects documents and tangible things that might reveal the attorney's thought process, but it does not protect the underlying facts obtained through trial preparation."). As discovery is still ongoing, Defendant has an opportunity to discover the facts forming the basis of Plaintiff's calculations through other avenues of discovery. *See Hickman*, 329 U.S. at 513 (stating that the denial of work product "does not mean that any material, non-privileged facts can be hidden" or that the opposing party, upon a proper showing, can be "unduly hindered in the preparation of his case, in the discovery of facts or in his anticipation of his opponents' position"); *Lozano v. Md. Cas. Co.*, 850 F.2d 1470, 1473 (11th Cir. 1988) ("[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants."); *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984) (finding that undue hardship had not been shown when the party could obtain the information through depositions or other "basic tools of discovery").

Plaintiff indicates that aside from the disclosure statement, no other responsive documents are available or have been withheld. (Dkts. 79-1, 81-1.) Plaintiff further indicated that he will supplement his responses if any responsive, non-privileged documents become available. (Dkts. 77-4, 79-1, 81-1.) Additionally, Plaintiff produced his expert disclosures, which included the calculations Plaintiff intends to rely upon to prove his case. (Dkts. 77-4, 79-1.) *See* Fed. R. Civ. P. 26(a)(2)(B) (providing that a party must disclose the identity of any witness who will provide expert testimony in the case and that the disclosure must be accompanied by a written report that

contains, among other things, a complete statement of all opinions the witness will express and the basis and reasons for them, the facts or data considered by the witness in forming them, and any exhibits that will be used to summarize or support them); Fed. R. Civ. P. 37(c)(1) (providing that if a party fails to provide information as required, then the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless); *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (stating that the "expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise").

In light of the above, the Court finds that Plaintiff adequately responded to Defendant's request, and Plaintiff is not required to produce his disclosure statement in response to Defendant's document request. If documents responsive to this request become available, then Plaintiff is required to supplement his responses and provide Defendant with the responsive documents. Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Compel (Dkt. 77) is **GRANTED** in part and **DENIED** in part.
2. Defendant's Motion to Compel is granted as to Interrogatory Number 10. Plaintiff must supplements his answers to Interrogatory Number 10 by May 16, 2016.
3. Defendant's Motion to Compel is denied as to Interrogatory Number 3 and Request for Production Number 25. If documents responsive to Request for Production Number 25 become available, then Plaintiff is required to supplement his responses and provide

Defendant with the responsive documents by May 16, 2016.

**DONE** and **ORDERED** in Tampa, Florida on April 15, 2016.

*[signature]*

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record