UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS BINGHAM,

Plaintiff,

v. Case No: 8:14-cv-73-T-23JSS

BAYCARE HEALTH SYSTEM,

Defendant.
___________________________________/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Responses to Requests for Admission. (Dkt. 99.) Plaintiff moves the Court to compel Defendant to provide responses to Requests for Admission 1–4, 7, 8, 11–13, 16, 17, and 25 on the basis that the requests properly seek the application of the law to facts within Defendant's knowledge or reasonable inquiry. (Dkt. 99.) In response, Defendant contends that the requests improperly seek admissions to legal conclusions and central facts in dispute in this case or are otherwise vague. (Dkt. 106.) The Court held a hearing on this matter on June 30, 2016. For the reasons that follow, Plaintiff's Motion to Compel is denied.

**BACKGROUND**

Plaintiff, qui tam relator Thomas Bingham, alleges that Defendant, BayCare Health System, Inc., improperly induced physicians to refer patients to Defendant's hospital by providing physicians with free parking, rent concessions, tax savings, and valet services. (Dkt. 32.) In doing so, Plaintiff alleges that Defendant violated the False Claims Act, 31 U.S.C. §§ 3729–3733, by submitting claims for payment to federally sponsored health care programs for services provided to those patients. (Dkt. 32.) According to Plaintiff, this alleged violation involved the use of

ground leases between Defendant and corporate tenants to construct office buildings and parking garages that provided free services to physician tenants in exchange for referrals in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a–7b, and the Stark Law, 42 U.S.C. § 1395nn. (Dkt. 32.)

**APPLICABLE STANDARDS**

Under Federal Rule of Civil Procedure 36, requests for admission may be served on a party to admit, for purposes of the pending action only, the truth of any matters within the scope of discovery relating to: (1) facts, the application of law to fact, or opinions about either; and (2) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). A party may not, however, request an admission of a legal conclusion. *In re Tobkin*, 578 F. App'x 962, 964 (11th Cir. 2014). Rather, a request for admission may only request an admission of "'facts, the application of law to fact, or opinions about either.'" *Id.* (quoting Fed. R. Civ. P. 36(a)(1)).

The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (internal quotation and citation omitted). To that end, "its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Pickens v. Equitable Life Assurance Soc'y of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969). Accordingly, "requests for admissions as to central facts in dispute are beyond the proper scope of the rule." *Id.*

**ANALYSIS**

Plaintiff moves the Court to compel Defendant to provide responses to Requests for Admission 1–4, 7, 8, 11–13, 16, 17, and 25. In response, Defendant objects to requests 1–4, 11–13, 16, and 25 on the grounds that the requests seek admissions to legal conclusions. This Court agrees. For example, Plaintiff's first request for admission asks Defendant to admit that "[n]o

portion of the Suncoast Medical Office Building located at 620 10th Ave N., St. Petersburg, Florida, has ever been used for 'charitable purposes' as defined by Fla. Stat. § 196.012 (2015)." (Dkt. 99.) Although the issue of whether the medical office building was used for charitable purposes is not directly in dispute in this case, the issue of whether Defendant is entitled to a charitable exemption from state ad valorem taxation is a central issue in dispute. Specifically, in the Amended Complaint, Plaintiff alleges that Defendant unlawfully obtained a tax exemption and then bestowed the tax exemption on the referring physicians who were tenants of Defendant's medical office building. (Dkt. 32, ¶ 93.)

Indeed, in his own motion, Plaintiff states: "Significant to the instant litigation and Relator's allegations in the complaint, a medical office building constructed by a hospital on hospital grounds, which was dedicated and committed to predominately private use, and less than 50% of which was used for exempt purposes, was not entitled to charitable exemption from state ad valorem taxation." (Dkt. 99 at 4.) Therefore, Plaintiff's request seeks an admission of a legal conclusion and admission of a disputed fact central to this case in that Defendant's entitlement to a tax exemption turns on whether Defendant's medical office building operated for a charitable purpose, as specifically defined by state law. *See Pub. Hous. Assistance, Inc. v. Havill*, 571 So. 2d 45, 47 (Fla. 5th DCA 1990) (finding that the issue of whether a corporation was exempted from ad valorem taxation turned on whether the property was operated for a "charitable purpose," as defined in Florida Statutes Section 196.012(7)); *Turner v. Trust for Pub. Land*, 445 So. 2d 1124, 1126 (Fla. 5th DCA 1984) (determining, as a matter of law, whether property was used for a "charitable purpose" within the meaning of Florida's ad valorem tax exemption laws).

Similarly, Plaintiff's other requests for admission seek admissions to statements regarding whether Defendant's medical office buildings meet specific statutory definitions. Specifically,

without reference to facts, Plaintiff requests admissions to whether Defendant's medical office building was used as a "hospital" or used "exclusively" or "predominantly" for "exempt purposes," as defined by Section 196.012. As with the term "charitable purpose," these terms are of legal significance and have a precise legal definition. *See Ocmulgee Fields, Inc. v. C.I.R.*, 613 F.3d 1360, 1361 n.2 (11th Cir. 2010) (labeling as a "term of art" a term that is specifically defined by statute). As such, the requests seek an admission of whether Defendant meets a statutory definition and therefore seek an admission of a legal conclusion.

Further, other requests seek admissions to whether Defendant maintains "financial relationships" with referring physicians, as defined by the Code of Federal Regulations, 42 C.F.R. § 411.354. Notably, the crux of Plaintiff's claims against Defendant is the allegation that Defendant violated the Stark Law and the Anti-Kickback Statute by having a financial relationship with referring physicians who worked in Defendant's medical office buildings. (Dkt. 32, ¶¶ 139, 191.) *See U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 F. App'x 693, 698 (11th Cir. 2014) ("In its most general terms, the Stark statute prohibits doctors from referring Medicare patients to a hospital if those doctors have certain specified types of 'financial relationships' with that hospital.") Therefore, these requests impermissibly seek the admission of legal conclusions and central facts in dispute.

Additionally, Defendant objects to requests 7, 8, 16, and 17 on the grounds that the terms used in the requests are vague and undefined. At the hearing, Defendant argued that these terms have multiple meanings depending on the context and origin, thus subjecting Defendant to make an admission as to a fact that could ultimately be applied in a different context. Upon consideration, the Court finds that these requests for admissions are vague in that Defendant would be required to guess as to the meaning of certain words.

For example, Plaintiff's seventh request for admission seeks an admission as to whether Defendant's medical office building has ever been used predominantly for the treatment of indigent patients. Defendant objects on the basis that the words "indigent" and "predominantly" are vague and not defined. As noted by Defendant, it is unclear what definition Plaintiff intends to apply to these terms. *See Black's Law Dictionary* (10th ed. 2014) (defining "vague" as "[i]mprecise or unclear by reason of abstractness; not sharply outlined; indistinct; uncertain"). As such, the requests are vague and therefore improper. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Compel Responses to Requests for Admission (Dkt. 99) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on July 5, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record