UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS BINGHAM,

    Plaintiff,

v.                                                         Case No: 8:14-cv-73-T-23JSS

BAYCARE HEALTH SYSTEM,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendant's Motion for Protective Order Regarding Two Non-Party Subpoenas and for a Stay of Deadline for Non-Parties to Respond. (Dkt. 97.) Defendant seeks a protective order regarding two non-party subpoenas on the basis that the subpoenas seek information outside the scope of discovery. Defendant also seeks a stay of the deadline for the non-parties to respond to the subpoenas pending a ruling on Defendant's Motion for Protective Order. For the reasons that follow, Defendant's Motion for Protective Order is granted.

## BACKGROUND

Defendant, BayCare Health System, is a Florida non-profit corporation that owns St. Anthony's Hospital, Inc. and St. Anthony's Professional Buildings and Services, Inc. (Dkt. 32, ¶ 17; Dkt. 54.) In the Amended Complaint, Plaintiff alleges that Defendant passed kickbacks and financial benefits to physician tenants of two medical office buildings ("MOB") on the St.

Anthony's Hospital campus: The Heart Center at St. Anthony's ("Heart Center")[1] and Suncoast ("Suncoast"). (Dkt. 32, ¶¶ 68, 94.)

On April 29, 2016, Plaintiff sent an e-mail attaching a non-party subpoena to be served on Bay Area Heart Center, P.A. ("Bay Area Heart"), seeking lease agreements between Bay Area Heart and St. Anthony's Professional Buildings and Services, as well as information regarding ad valorem tax payments made by Bay Area Heart for the MOB in which it leases space. (Dkt. 97-2.) The MOB in which Bay Area Heart leases office space is neither the Suncoast MOB nor the Heart Center MOB. (Dkt. 97.)

On May 2, 2016, Plaintiff sent an e-mail attaching a non-party subpoena to be served on Suncoast Medical Clinic, LLC ("SMC"), seeking information regarding a corporate asset purchase that closed in July 2011 whereby SC Physicians, LLC ("SC Physicians") purchased certain assets of SMC. (Dkt. 32, ¶¶ 94–95; Dkt. 97-3.) SC Physicians became a tenant of the Suncoast MOB in January 2013, following the construction of the Suncoast MOB in December 2012. (Dkt. 32, ¶ 95; Dkt. 97.) In the Amended Complaint, Plaintiff alleges that Defendant bestowed its valuable tax-exempt status on SC Physicians and its referring physicians, thus allowing SC Physicians to avoid paying its share of ad valorem property taxes for the Suncoast MOB. (Dkt. 32, ¶¶ 96–107.) On May 13, 2016, Defendant filed the instant Motion for Protective Order in which it argues that a protective order is warranted because the subpoenas seek irrelevant information. (Dkt. 97.)

**APPLICABLE STANDARDS**

The court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see In re*

---

[1] The Heart Center MOB was constructed and occupied in 2006. (Dkt. 32, ¶ 72; Dkt. 97.) In the Amended Complaint, Plaintiff alleges that Defendant, through an independent third-party developer, improperly passed benefits to the physician tenants of the Heart Center MOB in the form of free parking and tax-exempt status. (Dkt. 32, ¶¶ 68–93.)

*Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (providing that the district court may issue a protective order if "good cause" is shown). The party seeking a protective order bears the burden of showing the necessity of the protective order, and this burden requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Fed. Exp. Corp.*, 408 Fed. App'x 331, 336 (11th Cir. 2011).

**ANALYSIS**

In this case, Defendant contends that a protective order is warranted as to the two non-party subpoenas because the subpoenas seek irrelevant information. Specifically, Defendant contends that Federal Rule of Civil Procedure 9(b) requires that discovery be limited to the specific allegations in the complaint, and argues that the subpoenas seek information that is not relevant to the claims raised in the Amended Complaint. (Dkt. 97.)

In response, Plaintiff argues that the subpoenas properly seek information related to the nature of the financial relationship between Defendant and its tenant physician groups, SC Physicians and the Heart Center. (Dkt. 104.) Specifically, Plaintiff argues that the subpoenas seek information regarding Defendant's use of its MOBs. Plaintiff argues that this information is relevant to establish that the tax-exempt status of the MOBs was wrongfully maintained to allow the physician tenants of the MOBs to avoid paying ad valorem taxes. (Dkt. 104.)

**A. Standing to Move for Protective Order**

At the hearing, Plaintiff raised the issue of whether Defendant has standing to challenge a subpoena issued to a non-party. The subpoenas at issue in this matter were served on two non-parties and commanded the non-parties to produce certain documents, but the Motion for Protective Order was filed by Defendant, not the non-parties.

A party, however, has standing to challenge a non-party subpoena if the party alleges a "personal right or privilege" with respect to the subpoenas, and a party has standing to move for a protective order if a subpoena seeks irrelevant information. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). As Defendant is clearly a party in this case, it has standing to move for a protective order as to the non-party subpoenas on the basis that the subpoenas seek irrelevant information. Additionally, Defendant has standing to challenge the subpoenas on the basis that Defendant is a party to the agreements sought by the subpoenas, which Defendant also alleges are confidential.

### B. Scope of Discovery

As an initial matter, it is well-settled that Federal Rule of Civil Procedure 9(b) applies to actions under the False Claims Act. *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1309 (11th Cir. 2002). However, Rule 9(b) is a rule of pleading, not discovery. *See id.* at 1313 (analyzing the application of Rule 9(b) to a complaint and the manner in which allegations must be pleaded). Specifically, Rule 9(b) imposes a heightened pleading standard and requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy the particularity requirement, the complaint must allege facts as to the time, place, and substance of the defendant's alleged fraud. *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 567 (11th Cir. 1994).

As such, Rule 9(b) relates to the specificity with which allegations in a complaint must be pleaded "to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *see also Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (providing that the particularity rule serves an important purpose in fraud actions by alerting defendants to the "precise misconduct

with which they are charged" and protecting defendants "against spurious charges of immoral and fraudulent behavior"). Discovery, on the other hand, is allowed regarding any non-privileged matter "that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Therefore, while Rule 9(b) does not necessarily limit the scope of discovery, discovery is nonetheless shaped by the allegations in the complaint in that discovery must be relevant to the claims at issue in the litigation. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997) ("The scope of allowable discovery is determined by the claims (and defenses) raised in the case."); *see also U.S. ex rel. Walker v. R&F Props. of Lake Cty., Inc.*, 433 F.3d 1349, 1359 (11th Cir. 2005) (finding that discovery in a False Claims Act case was limited to information relevant to the plaintiff's claims and finding that the proper temporal range for discovery was from the time alleged in the complaint through the date of the original complaint). Notably, although the scope of discovery is broad, "the discovery rules do not permit the [parties] to go on a fishing expedition." *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).

### C. Protective Order

As noted above, non-party Bay Area Heart does not lease space in either of the MOBs referenced in the Amended Complaint. Rather, Bay Area Heart leases office space in an unrelated MOB that is not at issue in this matter. As such, the non-party subpoena served on Bay Area Heart regarding the unrelated MOB seeks information that is not relevant to the claims at issue in this matter and is therefore irrelevant.

Similarly, the non-party subpoena served on SMC requests irrelevant information in that is seeks information beyond the allegations in the Amended Complaint. Specifically, the allegations in the Amended Complaint relate to the Suncoast MOB and are limited to the alleged

tax exemption bestowed on SC Physicians as a tenant of the Suncoast MOB. However, the Suncoast MOB was not constructed until 2012, and SC Physicians did not become a tenant of the Suncoast MOB—and thus could not receive any of the alleged benefits—until at least December 2012. The subpoena seeks information regarding tax payments made by SMC for the Suncoast MOB, but SMC is not a tenant of the Suncoast MOB. Indeed, Defendant argues that "SMC is not owned, operated, or affiliated in any way with BayCare." (Dkt. 97.)

Plaintiff's attempt to obtain discovery concerning entities that are not relevant to the claims or defenses at issue in this case appears to be a "fishing expedition," which is not permissible under the applicable rules of discovery. *See Porter*, 461 F.3d at 1324. Plaintiff maintains that the subpoenas serve to "fill in the blanks through [other] sources" regarding the financial relationship and structure of entities related to Defendant. (Dkt. 104.) However, the information sought by the non-parties is beyond the allegations raised in the Amended Complaint as to Defendant's alleged wrongdoing and is, at a minimum, an improper attempt to discover information not at issue in this litigation.

Additionally, the non-party subpoenas seek information and documents relating to events that occurred prior to 2011, although the Amended Complaint does not allege any wrongdoing involving the MOBs prior to 2011. The information sought is therefore outside the temporal range for permissible discovery. In light of the above, the Court finds that Defendant has met its burden of showing good cause to warrant the issuance of a protective order regarding the two non-party

- 7 -

subpoenas, as the information sought is not relevant to the claims at issue in this litigation. Accordingly, it is

**ORDERED**:

1. Defendant's Motion for Protective Order Regarding Two Non-Party Subpoenas (Dkt. 97) is **GRANTED.**

2. Defendant's Motion for a Stay of Deadline for Non-Parties to Respond (Dkt. 97) is **DENIED** as moot.

**DONE** and **ORDERED** in Tampa, Florida, on July 7, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record