UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS BINGHAM,

    Plaintiff,

v.                                                            Case No: 8:14-cv-73-T-23JSS

BAYCARE HEALTH SYSTEM,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S SUPPLEMENTAL EXPERT DISCLOSURE STATEMENT**

THIS MATTER is before the Court on Defendant's Motion to Strike Plaintiff's Supplemental Expert Disclosure Statement. (Dkt. 128.) Defendant moves to strike the supplemental expert disclosure of Thomas Bingham and to preclude him from offering expert testimony relating to the matters outlined in his supplemental expert disclosure on the grounds that he failed to provide material he considered in forming his opinions. Alternatively, Defendant moves to compel the production of the material Mr. Bingham considered in forming his opinions. For the reasons that follow, Defendant's Motion is granted in part and denied in part.

**BACKGROUND**

Thomas Bingham, the relator in this qui tam case filed under the False Claims Act, was disclosed as a testifying expert in Plaintiff's expert disclosures and supplemental expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). In an effort to ascertain the information considered by Mr. Bingham in connection with his expert disclosures, Defendant served a request for production of documents seeking the material considered by Mr. Bingham in forming his opinions. (Dkt. 128-1.) In response, Plaintiff disclosed that Mr. Bingham relied, in part, on the written disclosure statement he provided to the government pursuant to 31 U.S.C. § 3730(b)(2)

("Written Disclosure Statement"),[1] but he refused to produce the Written Disclosure Statement on the basis that it is protected from discovery by the work-product doctrine. (Dkt. 128-1.) In a prior order entered on April 15, 2016, the Court found that the Written Disclosure Statement "constitute[d] at least ordinary work product" as a document prepared in anticipation of litigation by a party or the party's attorney, and "Defendant ha[d] not met its burden of showing substantial need and undue hardship to warrant its production" at that time. (Dkt. 92.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 26(a)(2) governs disclosures of expert witnesses. "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The rule distinguishes between experts who must provide a written report and those who do not need to provide a written report.

A witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony" must provide a written report, prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming the opinions; (3) any exhibits that will be used to summarize or support the opinions; (4) the witness's qualifications, including a list of all publications authored in the previous ten years; (5) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by

---

[1] Section 3730(b)(2) requires that a private person bringing a claim under the False Claims Act first serve the United States Government with "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses." 31 U.S.C. § 3730(b)(2).

deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. *Id.*

Witnesses who are not retained or specially employed to provide expert testimony do not need to provide a written report, but the expert disclosure must include "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). This disclosure requirement, which was added in 2010, "is considerably less extensive than the report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

> The Advisory Committee noted that:
>
> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

*Id.* In any event, if a party fails to provide information as required by the expert disclosure rules, the court is entitled to exclude the expert's testimony at trial, Fed. R. Civ. P. 37(c)(1), or it "may impose other appropriate sanctions in addition to or in lieu of the evidentiary exclusion," *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004).

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The district court has broad discretion in determining whether to compel or deny discovery under the federal discovery rules, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011), and in ruling on the applicability of the work-product doctrine, *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013).

## ANALYSIS

In his expert disclosures, Mr. Bingham identified the Written Disclosure Statement as material he considered in forming his opinions, but he did not produce the Written Disclosure Statement in response to Defendant's request for production on the grounds that it is protected by the work-product doctrine, as determined by the Court in its prior order. However, the Court's prior order was based on Mr. Bingham's role as a party to this litigation, rather than as a testifying expert witness. Plaintiff now wears two hats—one as a party and one as a testifying expert—and attempts to shield material protected under one hat that is not protected under the other. Such a result, however, is inconsistent with Rule 26(b)(3)(A), which does not extend work-product protection to all materials of a testifying expert, and Rule 26(a)(2), which protects only the opinion work product of attorneys in the context of expert disclosures. As a testifying expert, Mr. Bingham cannot use the work-product doctrine as a sword and shield in this litigation.

As the name indicates, the sword-and-shield doctrine prevents a party from using privileged information to prove a claim or defense while simultaneously hiding behind the shield of privilege to prevent the opposing party from effectively challenging such evidence. *Bradfield v. Mid-Continent Cas. Co.*, 15 F. Supp. 3d 1253, 1257 (M.D. Fla. 2014); *Allstate Ins. Co. v. Levesque*, 263 F.R.D. 663, 667 (M.D. Fla. 2010) (citing *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987)). More significantly, however, "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (internal citation and quotation omitted). Therefore, a determination of privilege must be made in conjunction with, and against the backdrop of, the purpose of discovery, which is to allow parties "to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

## A. The Work-Product Doctrine and Expert Discovery

The work-product doctrine, at its inception, was intended to protect the work of lawyers by confirming the widely recognized notion that the mental impressions and legal theories of attorneys should not be "opened to the free scrutiny of their adversaries." *Id.* at 510–14.  However, to account for the "realit[y] of ligation in our adversary system" that "attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial," the work-product doctrine was expanded to protect materials prepared on the attorney's behalf.  *United States v. Nobles*, 422 U.S. 225, 238 (1975).  As such, the work-product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3)(A), protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Fed. R. Civ. P. 26(b)(3)(A).  If such discovery is ordered, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).

While "experts" are not specifically listed in the work-product doctrine codified in Rule 26(b)(3)(A), protection is extended to expert discovery under Rules 26(b)(4)(B) and (C).  Specifically, Rules 26(b)(4)(B) and (C) expressly provide:

> (4) Trial Preparation:  Experts.
>
> . . . .
>
> (B) Trial-Preparation Protection for Draft Reports or Disclosures.  Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.
>
> (C) Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.  Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

> (i)  relate to compensation for the expert's study or testimony;
>
> (ii)  identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii)  identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(B), (C). Accordingly, Rule 26(b)(4) provides protection for draft expert reports and disclosures, Fed. R. Civ. P. 26(b)(4)(B), and attorney-expert communications, Fed. R. Civ. P. 26(b)(4)(C).

The protection afforded to draft expert reports is designed to protect the mental impressions and theories of the attorney, not the expert. *See Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. Sec. 1782(a)*, 735 F.3d 1179, 1187 (10th Cir. 2013) ("Rule 26(b)(4) . . . restores the core understanding that the work-product doctrine solely protects the inner workings of an attorney's mind."); *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 513 (N.D. Cal. 2012) ("The intention of the work product rule is to protect the mental impressions and legal theories of a party's attorney, not its experts."); *Republic of Ecuador v. Bjorkman*, No. 11-CV-01470-WYD-MEH, 2012 WL 12755, at *6 (D. Colo. Jan. 4, 2012) ("Clearly, it is the intention of the rules committee to protect the mental impressions and legal theories of a party's attorney, not its expert."). This protection, in turn, allows the focus of the expert discovery rules to be restored to discovering the substance of an expert's opinion, rather than the evolution of the expert's report or the attorney's role in preparing the expert. *See* Judicial Conference Comm. on Rules of Practice & Procedure ("Standing Committee"), Meeting Minutes 36–37 (June 9–10, 2008), available at http://www.uscourts.gov/rules-policies/archives/meeting-minutes/committee-rules-practice-and-procedure-june-2008 (discussing the concerns that prompted the 2010 amendments to the expert discovery rules).

The protection afforded to draft expert reports and attorney-expert communications, however, does not extend to "the opinions to be offered by the expert or the development, foundation, or basis of those opinions" or communications—whether oral, written, electronic, or otherwise—that identify the "facts or data the party's attorney provided to the expert and that the expert considered in forming the opinions to be expressed."[2] Fed. R. Civ. P. 26 advisory committee's notes to 2010 amendment; *see* Fed. R. Civ. P. 26(b)(4)(C) (listing the three exceptions to the protection afforded to attorney-expert communications). Rather, the discovery rules, advisory notes, and caselaw consistently emphasize the importance of allowing discovery relating to the opinions of testifying experts given their role of providing evidence in court, namely "independent, impartial, qualified opinion testimony helpful to the trier of fact." *Hinchee*, 741 F.3d at 1192.

### B. Expert Disclosures

In moving to strike Mr. Bingham's supplemental expert disclosure, Defendant argues that Mr. Bingham failed to disclose the Written Disclosure Statement as material he considered in forming his expert opinion. However, the requirement to disclose material considered by a testifying expert is applicable to experts who are required to prepare a written report under Rule 26(a)(2)(B), not experts disclosed under Rule 26(a)(2)(C).

---

[2] In the context of draft expert reports, courts have cautioned against construing the work-product doctrine in such a manner as to allow parties to shield the facts considered by a testifying expert in a draft expert report. *See United States v. Vista Hospice Care*, No. 3:07-CV-604-M, 2016 WL 1273891, at *12 (N.D. Tex. Mar. 22, 2016) (finding that the expert discovery rules should not be interpreted to allow "attorneys to protect from discovery facts or data considered by or assumptions relied upon by a retained expert by providing some in a draft report"); *United States Commodity Futures Trading Comm'n v. Newell*, 301 F.R.D. 348, 353 (N.D. Ill. 2014) ("Arguably, facts, data or assumptions provided by an attorney to the expert should not be insulated from production simply because the vehicle of communication was a draft of the report or an attorney's revision to the expert's draft."); *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. MDL 875, 2011 WL 6181334, at *7 n.10 (E.D. Pa. Dec. 13, 2011) (endorsing the view that protecting facts or data considered by a retained expert by providing some in a draft report would be disfavored as an "obvious loophole").

Rule 26(a)(2), which governs expert disclosures, requires that parties disclose the identity of expert witnesses. Fed. R. Civ. P. 26(a)(2)(A). The rule distinguishes between experts who must provide a written report and those who do not need to provide a written report. Specifically, an expert witness who is "retained or specially employed to provide expert testimony in the case" must provide a written report that contains, among other things, a complete statement of all the opinions the expert will express and the basis and reasons for the opinions, as well as the "facts or data" considered by the expert in forming his or her opinions. Fed. R. Civ. P. 26(a)(2)(B). The term "facts or data" is "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients," not only those relied upon by the expert. *Hinchee*, 741 F.3d at 1195; Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

In contrast, expert witnesses who are not retained or specially employed to provide expert testimony do not need to provide a written report. Rather, non-retained testifying experts (including "hybrid" witnesses who are both fact witnesses and expert witnesses) must provide summary disclosures, which must state the subject matter of the expert's testimony and a summary of the facts and opinions to which the expert is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). "This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

Under Rule 26(a)(2)(C), Mr. Bingham was required to disclose all facts related to his opinion, in summary form. Fed. R. Civ. P. 26(a)(2)(C); *see* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment ("The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present."). Notably, Defendant does not argue that Mr. Bingham's disclosure was insufficient or that it failed to contain a summary of the facts

and opinions to which Mr. Bingham is expected to testify, as required under Rule 26(a)(2)(C). Therefore, Defendant fails to show that Mr. Bingham's testimony should be precluded for failure to comply with the expert disclosure rules based on the disclosure he provided in accordance with Rule 26(a)(2). Moreover, striking an expert is a drastic remedy, *Shaw v. Pizza Hut of Am., Inc.*, No. 808-CV-27-T-24EAJ, 2009 WL 1228440, at *2 (M.D. Fla. May 4, 2009), especially when other remedies are available to cure any prejudice, *Lake v. Tenneco, Inc.*, No. 8:06-CV-1462-T24TBM, 2007 WL 5339379, at *1 (M.D. Fla. July 19, 2007).

The Court's inquiry, however, does not end there. Rule 26(a) addresses a party's required, automatic disclosures—that is, disclosures that a party has a duty to provide "without awaiting formal discovery requests." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment. It does not address whether discovery may be had pursuant to a reasonable request for discovery within the scope of Rule 26(b)(1). Therefore, the Court must address whether an order compelling production of the Written Disclosure Statement is warranted, as requested by Defendant in the alternative to striking the supplemental disclosure.

### C. Motion to Compel

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Under Rule 34, a party may request the production of designated documents in the responding party's possession, custody, or control that are within the scope of discovery. Fed. R. Civ. P. 34(a)(1). If a party fails to produce documents under Rule 34, the serving party may move for an order compelling production of such documents. Fed. R. Civ. P. 37(a)(3)(B). The district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery. *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014).

In this case, Plaintiff argues that the Written Disclosure Statement is protected by the work-product doctrine. However, as discussed above, the work-product doctrine applies only to the following materials of a testifying expert: draft expert reports and attorney-expert communications. Specifically, Rule 26(b)(4)(B) protects drafts of any report or disclosure required under Rule 26(a)(2) and therefore applies to experts disclosed under both Rule 26(a)(2)(B) and Rule 26(a)(2)(C). Fed. R. Civ. P. 26(b)(4)(B). In contrast, the protection afforded to attorney-expert communications applies only to communications between a party's attorney and retained experts under Rule 26(a)(2)(B). Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. Nevertheless, Rule 26(b)(4)(B) does not prevent discovery about "the opinions to be offered by the expert or the development, foundation, or basis of those opinions." *Id.* Specifically, "non-retained experts must still be disclosed and are subject to regular document and deposition discovery." Middle District Discovery (2015) at § II.E.1; *see McKellips v. Kumho Tire Co.*, 305 F.R.D. 655, 681 (D. Kan. 2015) (allowing discovery of an expert witness through document requests, but only after expert disclosures had been served); *Lane v. Vittoria, S.P.A.*, No. 3:11-CV-325, 2014 WL 129817, at *2 (E.D. Tenn. Jan. 13, 2014) (finding no support for the party's position that it may withhold discoverable information responsive to written discovery requests on the basis that the requested information is contained in its expert disclosures); *Noveletsky v. Metro. Life Ins. Co.*, No. 2:12-CV-21-NT, 2012 WL 11802597, at *2 (D. Me. Oct. 19, 2012) ("[W]hile Rule 26 mandates certain expert disclosures and provides certain expert discovery protections, it nowhere expressly precludes expert discovery pursuant to the catchall discovery rule, Rule 26(b)(1)"); *Rogers v. Detroit Edison Co.*, 328 F. Supp. 2d 687, 690 n.3 (E.D. Mich. 2004) ("[A] party can obtain information about the opposite party's expert by way of interrogatories or other appropriate discovery tools.").

As to this issue, Plaintiff states, in a single sentence, that the Written Disclosure Statement is work product because "it can be construed as a very preliminary draft of an expert report." (Dkt. 134 at 8.) Aside from this bare-bones conclusory statement, however, Plaintiff offers no facts or authority to support his contention that the Written Disclosure Statement constitutes a draft expert report under Rule 26(b)(4)(B). Plaintiff also failed to assert this argument in earlier briefing when seeking protection under the work-product doctrine. (Dkt. 79.) Therefore, Plaintiff fails to meet his burden of establishing that work-product protection applies to the Written Disclosure Statement as a draft expert report. *See Johnson v. Gross*, 611 F. App'x 544, 547 (11th Cir. 2015) ("The party invoking the work-product privilege bears the burden of establishing that the privilege applies."). Moreover, even if the Written Disclosure Statement were protected by the work-product doctrine, such protection does not prevent Defendant from discovery of the foundation or basis of Mr. Bingham's opinions as a testifying expert.

Additionally, Plaintiff argues that Defendant has not shown substantial need or undue hardship to warrant the production of the Written Disclosure Statement because Defendant did not first attempt to obtain Mr. Bingham's opinions by deposing him. (Dkt. 134.) Indeed, if the same factual information contained in the Written Disclosure Statement may be discovered through a deposition, as Plaintiff seems to imply, then there is no reason why it should not also be subject to disclosure through a document request. Further, a showing of substantial need or undue hardship is not required here "given the broad disclosure and discovery otherwise allowed regarding [an] expert's testimony," namely discovery regarding the development, foundation, or basis of the opinions to be offered by an expert witness. Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

Plaintiff also argues that the Written Disclosure Statement is not a source of new information upon which Mr. Bingham relied in forming his opinions, as the facts contained in the Written Disclosure Statement are contained in other sources already identified during discovery. Notably, however, Plaintiff does not argue that the Written Disclosure Statement is "unreasonably cumulative or duplicative," burdensome, or outside the scope of discovery (for reasons other than privilege). Fed. R. Civ. P. 26(b)(2)(C). Rather, as addressed above, Plaintiff's argument relies on the application of the work-product doctrine.

### D. Common-Interest Doctrine

Finally, Plaintiff argues that the Written Disclosure Statement is protected by the common-interest doctrine as information provided to the United States in furtherance of a common or joint prosecution strategy. The common-interest doctrine, also referred to as the joint-prosecution privilege or joint-defense privilege, protects work product when it is disclosed as part of a common defense or prosecution strategy to a third party who shares a common interest in the litigation. *See United States v. Almeida*, 341 F.3d 1318, 1324 (11th Cir. 2003) ("[M]any courts have held that the attorney-client privilege gives rise to a concomitant 'joint defense privilege' which 'serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel.'" (quoting *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989))); *JTR Enters., LLC v. An Unknown Quantity of Colombian Emeralds, Amethysts & Quartz Crystals*, 297 F.R.D. 522, 528 (S.D. Fla. 2013) ("The joint defense doctrine allows parties who share unified interests to exchange privileged information to adequately prepare their cases without losing the protection afforded by the privilege.").

In the context of False Claims Act cases, many courts have applied the common-interest doctrine to a relator's written disclosure statement and have found that relators do not waive work-product protection when they provide the disclosure statements to the government as required under 31 U.S.C. § 3730(b)(2). *See U.S. ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 562 (C.D. Cal. 2003) (collecting cases). In this case, however, Defendant does not argue that the work-product protection was waived when the Written Disclosure Statement was provided to the government. Further, the United States has declined to intervene in this lawsuit. (Dkt. 16.) Therefore, the common-interest doctrine has no application to the instant discovery dispute.

## CONCLUSION

In the context of expert discovery, the work-product doctrine protects only draft expert reports and attorney-expert communications. As expressly stated by the Advisory Committee's note, the protection afforded to a draft expert report by Rule 26(b)(4)(B) "do[es] not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. Additionally, although protection is always afforded to an attorney's mental impressions, conclusions, opinions, or legal theories, "this protection does not extend to [an] expert's own development of the opinions to be presented." *Id.* Indeed, "[g]iven that testifying experts offer evidence in court, the opposing side must have the opportunity to challenge the opinions of a testifying expert, including how and why the expert formed a particular opinion." *Hinchee*, 741 F.3d at 1192. In this case, the Written Disclosure Statement contains facts relevant to the opinions to which Mr. Bingham will testify, including the foundation and basis of those opinions. Therefore, it falls within the scope of discovery, a finding consistent with Rule 26's emphasis on allowing discovery regarding a testifying expert's opinions.

Applying the applicable legal principles, the Court recognizes, as it did in its prior order, that the Written Disclosure Statement may contain or reveal the mental impressions of counsel. Therefore, to the extent any attorney opinion work product is embedded in the Written Disclosure Statement, Plaintiff may redact such portions and must provide a detailed privilege log to Defendant. Although the Court, in its prior order, was unable to extract what appeared to be attorney opinion work product from facts and data, Plaintiff has acknowledged that the Written Disclosure Statement "contains only the pre-litigation compilation of facts." (Dkt. 134 at 2.) As such, Plaintiff shall provide the Written Disclosure Statement to Defendant, and any redaction beyond attorney opinion work product is not permitted.

Accordingly, it is **ORDERED** that Defendant's Motion to Strike Plaintiff's Supplemental Expert Disclosure Statement (Dkt. 128) is **GRANTED** in part and **DENIED** in part. Plaintiff shall produce the Written Disclosure Statement to Defendant by September 30, 2016, provided that Plaintiff may redact any portions constituting core attorney opinion work product and must provide a detailed privilege log as to the redacted portions.

**DONE** and **ORDERED** in Tampa, Florida, on September 20, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record