UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS BINGHAM,

    Plaintiff,

v.                                                                              Case No: 8:14-cv-73-T-23JSS

BAYCARE HEALTH SYSTEM,

    Defendant.
_____/

## ORDER ON MOTIONS TO FILE UNDER SEAL

THIS MATTER is before the Court on Defendant's Motion to Seal (Dkt. 152) and Plaintiff's Motion for Leave to File Under Seal (Dkt. 153).  The parties each move to file certain exhibits under seal in support of their respective motions for summary judgment on the basis that such exhibits contain confidential or sensitive information protected under the parties' Stipulated Protective Order.  The parties do not object to the filing of the designated exhibits under seal.

Under Local Rule 1.09, a party seeking to file any paper or other matter under seal must: (1) identify and describe each item proposed for sealing; (2) state the reason that filing each item is necessary; (3) state the reason that sealing each item is necessary; (4) state the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) state the proposed duration of the seal; and (6) provide a memorandum of legal authority supporting the seal.  M.D. Fla. Local R. 1.09(a).  No order sealing any item shall extend beyond one year, but a seal may be renewed upon filing a proper motion.  M.D. Fla. Local R. 1.09(c).

Additionally, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," "[m]aterial filed in connection with any substantive pretrial

motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). However, "[t]his right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Id.* at 1245–46. In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246.

Upon consideration, the Court finds that the parties have met the requirements of Local Rule 1.09 and have shown good cause as to why the proposed exhibits should be filed under seal. Specifically, the items to be sealed are described in the motions to file under seal, and the parties have adequately explained why the exhibits must be filed under seal, as they contain confidential and sensitive financial, commercial, and healthcare information related to the parties and private third-parties. *See Barkley v. Pizza Hut of Am., Inc.*, No. 614CV376ORL37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Local Access, LLC v. Peerless Network, Inc.*, No. 614CV399ORL40TBS, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access."); *U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, No. 806-CV-571-T-33TBM, 2008 WL 5341140, at *4 (M.D. Fla. Dec. 19, 2008) (finding that an order to seal was required to protect the information of innocent third parties who had not otherwise consented to the disclosure of their personal information).

Moreover, the information contained in the proposed exhibits, albeit confidential, is necessary to the resolution of the claims and defenses raised in the parties' motions for summary judgment. As such, the Court finds good cause to permit the parties to file the proposed exhibits under seal to protect the parties' legitimate privacy and proprietary interests. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (providing that access may be denied where court files can be used as "sources of business information that might harm a litigant's competitive standing"). Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Seal (Dkt. 152) is **GRANTED**. Defendant is permitted to file, and the Clerk is directed to accept under seal, Defendant's Exhibits 1, 4, 5, 6, 8, and 9 in support of Defendant's Motion for Summary Judgment.

2. Plaintiff's Motion for Leave to File Under Seal (Dkt. 153) is **GRANTED**. Plaintiff is permitted to file, and the Clerk is directed to accept under seal, Plaintiff's Exhibits 5A, 6, 7, 9, 10, 12, and 28 in support of Plaintiff's Motion for Partial Summary Judgment on Liability.

3. The exhibits identified above shall remain under seal until the final adjudication of this matter and resolution of all appeals, if any, but not to exceed one year. If necessary, the parties may file appropriate motions to renew this Court's Order.

**DONE** and **ORDERED** in Tampa, Florida, on October 20, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record